UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Todd Jackson Smith,<br><br>　　　　　　　Defendant. | No. 2:15-CR-170 KJM<br><br>ORDER |

Defendant Todd Jackson Smith moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing his history of skin cancer and undiagnosed skin lesion put him at greater risk of serious COVID-19 symptoms if he contracts the virus. As explained further in this order, that motion is **denied without prejudice to renewal**.

**I.    BACKGROUND**

Mr. Smith was convicted of a single-count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. *See* Plea Agreement, ECF No. 8. In carrying out the conspiracy, Smith along with co-conspirators recruited distressed homeowners with the promise of relief from foreclosure through a nationwide "mortgage elimination program." *Id*. ¶ 7. The conspiracy involved 170 properties, of which 37 were sold, with approximately 133 transactions fraudulently recorded. *Id*. ¶ 12. The title companies affected incurred a total loss of $9,885,510.91. *Id*.

/////

1

At Mr. Smith's sentencing hearing, the previously assigned disrict judge recognized that this case involved other defendants who may be held jointly and severally liable. *See* Sentencing Hr'g Tr. 7:15–20, ECF No. 46. That judge sentenced Mr. Smith to 26 months' imprisonment, followed by a 12-month term of supervised release, $100 special assessment, and ordered payment of $2,754,500 in restitution. *See Id.*; *see also* Judgment & Commitment, ECF No. 44. Mr. Smith is serving his sentence in FCI Sheridan in Oregon. *See* Mot. Ex. 1 (Individualized Needs Plan) at 2, ECF No. 50-1. His projected release date is May 19, 2021. *See* Opp'n Ex. 1 (Inmate Public Data) at 4, ECF No. 57-1. On October 28, 2020, Smith had served 15 months (59.6%) of his full term of imprisonment. *Id*. As of the date of this order Mr. Smith has served 17 months, approximately (65%) of his full term. Mr. Smith's wife, Tisha Louise Trites, pled guilty to violation of 18 U.S.C. § 493, Bonds and Obligations of Certain Lending Agencies, in a separate but related case. PSR ¶ 82; *id*. at 23. She currently is scheduled for sentencing in May 2021. *See United States v. Trites*, 2:15-CR-169-GEB, ECF No. 56.

Mr. Smith filed this motion for compassionate release in late October 2020. Mot., ECF No. 50. He claims to suffer from reoccuring skin cancer. *Id*. at 8; *see generally* Reply, ECF No. 60. He attached medical records to his motion documenting two surgeries for "basal cell carcinoma," in which medical professionals indicate he is at "high risk" for reoccurance. *See* Mot. Ex. A (Dermatopathology Report) at 5, 12 [1]; Smith Decl. ¶ 2, ECF No. 50-4. The prison health records submitted with the government's opposition raise the question of why Mr. Smith had not been examined previously to evaluate his current skin lesion, discussed below. *See* Opp'n Ex. 2 (Bureau of Prisons (BOP) Medical Records) at 1 (sealed).[2] On March 5, 2020, a BOP healthcare provider requested an offsite dermatology consultation for Mr. Smith because he

---

[1] The court grants defendant's request to file this exhibit under seal to protect Mr. Smith's private medical information. *See Chester v. King*, No. 16-01257, 2019 WL 5420213, at *2 (E.D. Cal. Sep. 10, 2019) ("This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records.").

[2] The court grants the government's request to file this exhibit under seal to protect Mr. Smith's private medical information. *See Id.*

has a "hx of basal cell carninoma on two different occasions" and there is a "new cite of concern," noting BOP's Health Services "cannot exclude malignancy." *Id.* While the government opposes Mr. Smith's motion, *see generally* Opp'n, ECF No. 57, government counsel reports that a BOP database reflects BOP's Utilization Review Committee (URC) denied the dermatology consultation request on April 13, 2020, without providing reasons. *Id.* at 8. Counsel offered to provide the court with supplemental briefing once counsel obtained more information regarding the denial of the offsite dermatology consultation. *Id.* at 9. The government in fact filed an updated status report in mid-December 2020, noting Mr. Smith had by then had surgery to remove the area of concern from his skin. *See* ECF No. 61. At the time of its update, the government indicated pathology reports are still pending and said it would file a further status once those reports become available. *Id.* At this time, the government has not provided a further status.

## II.   LEGAL STANDARD

A sentencing court has authority to modify a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). Under that statute, as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), the court may grant a defendant's motion to reduce his term of imprisonment, provided the defendant has first satisfied an exhaustion requirement, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if "extraordinary and compelling reasons warrant such a reduction," and if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A), 3582(c)(1)(A)(i).

Many years ago, before the First Step Act and before defendants could move to reduce their sentences under § 3582, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" under § 3582. *See* U.S.S.G. § 1B1.13. The same Guidelines section also "imposes an additional consideration of whether the defendant is a danger to the safety of any other person or to the community." *United States v. Numann*, No. 16- 00025, 2020 WL 1977117, at *2 (D. Alaska Apr. 24, 2020) (citing U.S.S.G. § 1B1.13(2)). Since the First Step Act was passed, district courts have disagreed about whether the Sentencing

1    Commission's statement is binding, as this court has summarized in previous orders. *See, e.g.*,

2    *United States v. Terraciano*, No. 17-00187, 2020 WL 5878284, at *2–3 (E.D. Cal. Oct. 2, 2020).

3    This court has looked to the Sentencing Commission's policy statement as guidance in several

4    previous orders and will do the same here. *See, e.g.*, *id.*; *United States v. Schweder*, No. 11-

5    00449, 2020 WL 5257598, at *3–4 (E.D. Cal. Sept. 3, 2020).

6    **III.   DISCUSSION**

7           The government does not dispute that Mr. Smith has satisfied the exhaustion requirement

8    of § 3582(c)(1). *See* Opp'n at 4. Nor does it contest that inmates and staff at FCI Sheridan where

9    Mr. Smith is housed have contracted COVID-19. *Id.* at 5. Finally, the government does not

10   argue granting Mr. Smith's motion would put his community at risk or that the sentencing factors

11   of § 3553(a) do not support his motion. *See generally* Opp'n. The government's only argument

12   against Mr. Smith's motion is that the "BOP medical records do not indicate that Smith has been

13   diagnosed with skin cancer or any other health condition" that may increase his risk of severe

14   COVID-19 symptoms. *Id.* at 9.

15          This court and others within the Ninth Circuit have granted compassionate release when

16   the inmate has one or more, medically-documented, chronic health conditions that render him

17   more vulnerable to COVID-19. *See United States v. Locke*, No. CR18-0132 RAJ, 2020 WL

18   3101016, at *4 (W.D. Wash. June 11, 2020) (observing defendant's health issues were "not

19   merely self-diagnosed," but rather "medically documented and verified"). Regarding Mr. Smith's

20   condition here, the Centers for Disease Control and Prevention (CDC) advises: "[a]t this time, it

21   is not known whether having a history of cancer increases your risk." *See* CDC, *Coronavirus*

22   *Disease 2019 (COVID-19)— People with Certain Medical Conditions*.[3] However, it also

23   advises those with a history of cancer "[h]ave a conversation with [their] healthcare provider . . .

24   to discuss [their] individual level of risk based on [their] condition, [their] treatment, and the level

25   of transmission in [their] community." *Id.*

26   /////

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#cancer (accessed Jan. 5, 2020).

     Regarding Mr. Smith's place of confinement, this court has granted motions for compassionate release to defendants who suffered from high risk conditions while housed at FCI Sheridan.  *See*, *e.g.*, *United States v. Meron*, No. 2:18-CR-0209-KJM, 2020 WL 5257611, at *3 (E.D. Cal. Sept. 3, 2020) (describing crowded conditions at FCI Sheridan, increasing risk of COVID-19 infection).

     The information reviewed above, however, does not lead the court in the direction of granting the pending motion on the current record.  At this point, it is unclear whether the "7mm irregular circular diameter lesion" on Mr. Smith's left shoulder blade,[4] *see* BOP Medical Records 1 (sealed), which was removed at his BOP facility, *see* ECF No. 61, is reocurring basal cell carcinoma.  *See* Dermatopathology Report 5, 12.  Because Mr. Smith's medical records are inconclusive as to his medical condition, they do not support granting Mr. Smith's motion.

     Finally, Mr. Smith proposes residing with his wife as part of his release plan. Mot. at 10.  While the court has conferred with the Probation Office regarding this plan, that office recommended the court find Mr. Smith's release plan is not acceptable because his wife is awaiting sentencing; as noted above, her sentencing is set for May 2021, ECF No. 56, and so it is entirely possible she will not be available to host Mr. Smith at her residence for the duration of his term of supervised release if he were released now.  If Mr. Smith believes he can provide further clarifying evidence of his medical condition and an acceptable release plan, he may renew this motion.

## IV. CONCLUSION

     The requests to file under seal, ECF Nos. 51 & 58 are **granted**.

     Defendant's motion for compassionate release is **denied without prejudice**.

     This order resolves ECF Nos. 50, 51 & 58.

     IT IS SO ORDERED.

DATED: January 5, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Medical records indicate the medical term "scapula."